

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY RAY JOHNSON, | ) | CASE NO. 7:14CV00079 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RANDALL C. MATHENA, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Larry Ray Johnson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the petition, the court concludes that it must be summarily dismissed without prejudice, because Johnson has stated no right to relief under § 2254.[1]

Habeas corpus petitions are generally reserved for attacks on the fact or duration of the petitioner's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Johnson expressly states that he is not challenging his state or federal convictions or sentences, however. Rather, he asserts that the court's application of Prison Litigation Reform Act ("PLRA") provisions has "unduly impaired" his constitutional rights to due process and to access the courts. See 28 U.S.C. § 1915(a), (d), and (g); 28 U.S.C. § 1915A(b)(1); 42 U.S.C.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

§ 1997e(c)(2).[2] As relief in this habeas action, Johnson asks the court to allow him to file *in forma pauperis* civil rights actions, to order his removal "to a jurisdiction with access to all state & federal courts," or to order him into "federal custody immediately."[3] (ECF No. 1, at 19.)

The court cannot find that Johnson has stated any ground for the relief under § 2254. Johnson's constitutional challenges to the PLRA restrictions on his ability to file civil actions without prepayment of the filing fee have no bearing whatsoever on the fact or duration of his confinement.[4] Thus, they do not present any cognizable § 2254 habeas claim. Neither do Johnson's conclusory allegations about other subject matter he may wish to raise in a civil action, concerning excessive force, medical care and mail problems, and difficulties getting paperwork from prison officials to file civil actions. Such challenges to conditions of confinement fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action under federal or state law against the responsible prison officials. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004).

Because Johnson's claims do not, in any respect, challenge the fact or duration of his confinement, he has stated no ground for relief under § 2254. Therefore, the court will summarily dismiss his petition. An appropriate order will issue this day.

---

[2] Section 1915(a) and (b) require prisoner litigants to be assessed the full filing fee for filing a civil action, but allow them to qualify to pay through installments from their inmate trust accounts. Section 1915(e), § 1915A(b, and 1997e(c)(2) allow summary dismissal of an inmate's qualifying civil action if it is frivolous, malicious, or fails to state a claim. Under § 1915(g), once an inmate has acquired three prior "strikes" (cases dismissed as frivolous, malicious, or for failure to state a claim), he cannot proceed with any new civil action unless (1) he pays the full filing fee or he shows he is "under imminent danger of physical harm." These restrictions, however, do not apply to habeas corpus petitions. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).

[3] Records indicate that in July 2013, Johnson was convicted on federal criminal charges and sentenced to a total of 240 months in prison. See United States v. Johnson, Case No. 2:12CR00015. His appeal is pending.

[4] In a cover letter, Johnson mentions that the PLRA has prevented him from filing a civil rights action to challenge state officials' alleged failure to calculate correctly his good conduct time. While a claim concerning deprivation of credit for earned good conduct time against an inmate's state sentence might be actionable under § 2254, Johnson makes no such claim in his current petition.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 27th day of February, 2014.

/s/ Glen Conrad
Chief United States District Judge